UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ROBERT C. McKUSICK,　　　　　　　　　　　　　　　　No. 99-13323

　　　　　　　　　　　　　Debtor(s).
_____/

COUNTY OF SONOMA,

　　　　　　　　　　　　　Plaintiff(s),

　　　　v.　　　　　　　　　　　　　　　　　　　　A.P. No. 05-1069

ROBERT C. McKUSICK,

　　　　　　　　　　　　　Defendant(s).
_____/

Memorandum re Prepetition Debt
_____

　　　　The parties have submitted this case to the court on stipulated facts. These facts are insufficient for the court to make a determination of dischargeability pursuant to § 523(a)(3) of the Bankruptcy Code as interpreted by *In re Beezley,* 994 F.2d 1433 (9th Cir. 1993). However, they are sufficient for the court to resolve the central issue of the case, which is whether the debt in question is considered a prepetition or postpetition debt.

　　　　Debtor Robert McKusick is a former Sonoma County Sheriff's Deputy. He became disabled in

1

1998 and began receiving long term disability payments under a plan which required him to reimburse the county if he was granted disability retirement benefits for the same period. McKusick filed his Chapter 7 bankruptcy petition on November 1, 1999. Six months later, he was awarded disability retirement benefits and received a lump-sum payment covering the period during which he received disability payments.

There is no doubt at all that the County's claim for reimbursement is a prepetition debt subject to the bankruptcy discharge unless excepted by § 523(a)(3). Section 101(12) of the Code defines "debt" liability on a claim; § 101(5) defines "claim" as any right to payment, whether or not contingent or unmatured. The terms of the long term disability plan create a contingent debt: if retirement benefits are granted for the same period, the benefits must be repaid. It is irrelevant that the event which made the debt actual rather than contingent happened postpetition. As McKusick correctly points out, all legal obligations, no matter how remote or contingent, are subject to the bankruptcy discharge. *In re Jensen*, 995 F.2d 925 (9th Cir. 1993).

The stipulated facts are silent as to the source of the retirement funds, so the court cannot determine if there is any right to a setoff; the court makes no ruling on this issue as well as those noted in the first paragraph above. However, in further proceedings it shall be without controversy that the debt in question is prepetition.

Counsel for both parties shall appear for a scheduling conference on November 28, 2005, at 2:00 P.M. Appearance is mandatory and may not be waived by stipulation, although the parties may stipulate to a continuance.

Dated: October 25, 2005

Alan Jaroslovsky
U.S. Bankruptcy Judge

2